UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAUL JUDON,

    Petitioner,

v.

CASE NO. 2:07-CV-13912
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

JAN E. TROMBLEY,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Michael Paul Judon, ("Petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges his conviction for first degree home invasion, M.C.L.A. 750.110a(2); and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above offense following a jury trial in the Oakland

---

[1] When Petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Saginaw Correctional Facility, but he has since been transferred to the Newberry Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006)(citing *Hogan v. Hanks,* 97 F. 3d 189, 190 (7th Cir. 1996); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Barry D. Davis, the warden of Newberry Correctional Facility. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

1

County Circuit Court. Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Judon,* No. 262005 (Mich.Ct.App. October 12, 2006). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected on July 6, 2007, because it was filed more than fifty six days after the Michigan Court of Appeals had affirmed his conviction. [2]

Petitioner has now filed an application for habeas relief on the following grounds:

I. Whether or nor petitioner was subjected to an "on the scene identification" procedure that was unduly and unnecessarily mistaken identity that amounted to a denial of his federal right to due process. Also the Michigan state courts' application of established federal law [was] "unreasonable."

II. Whether or not this Court should vacate petitioner's conviction because the prosecution failed to produce a sufficient amount of evidence to prove guilt beyond a reasonable doubt, in all the all (sic) of the elements to sustain a conviction of home invasion in the 1st degree. Also the state courts were incorrect in there (sic) application of federal law.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999). Petitioner has filed a reply to the response. Petitioner has also filed motions for an evidentiary hearing, to expand the record, to appoint counsel, to stay the proceedings, and for oral arguments.

## II. Discussion

---

[2] *See* Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, dated July 6, 2007 [Petitioner's Exhibit B]; See also Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated January 31, 2008 [This Court's Dkt. Entry # 9-12].

Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner failed to properly exhaust the claims by filing a timely application for review of his conviction with the Michigan Supreme Court.

A habeas petitioner procedurally defaults a claim if he or she fails to raise it in an application for discretionary review with the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Under M.C.R. 7.302(C)(3), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Petitioner's conviction was affirmed by the Michigan Court of Appeals on October 12, 2006. Petitioner had fifty six days from this date, or until December 6, 2006, to timely file an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court rejected Petitioner's delayed application for leave to appeal because Petitioner's application was received by that court on July 6, 2007, beyond the fifty six day time period. Therefore, Petitioner has procedurally defaulted his claims. *See Bell v. Smith*, 114 F. Supp. 2d 633, 637 (E.D. Mich. 2000).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can

3

demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Although Petitioner does not expressly allege cause to excuse his default, Petitioner has attached to his petition an affidavit, in which Petitioner claims that he had no knowledge on how to properly file an application for leave to appeal with the Michigan Supreme Court. Petitioner further claims that at some unspecified point in time, he gave his legal paperwork to an unnamed inmate to assist him with his application for leave to appeal. Petitioner claims that this inmate was transferred to another prison while still in possession of Petitioner's legal documents. Petitioner acknowledges that the inmate mailed the legal paperwork back to him, but claims that he did not receive the legal documents in time to meet the 56 day deadline for filing an application for leave to appeal.

A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." *See Lundgren v. Mitchell,* 440 F. 3d 754, 763 (6th Cir. 2006). Therefore, a habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default. Instead, he or she must present affirmative evidence or argument as to the precise cause and the prejudice produced. *Id.* at 764. In the present case, Petitioner's allegations concerning his failure to file a timely application for leave to appeal to the Michigan Supreme Court are conclusory and unsupported. Petitioner does not give this

Court the name of the inmate who was to assist Petitioner, the approximate date that Petitioner gave his legal documents to this inmate, the date that the inmate was transferred to another prison, and the date that Petitioner received his legal paperwork back. Without any of this information, this Court is unable to determine whether or not Petitioner could have, in fact, filed a timely application for leave to appeal.

In any event, Petitioner's ignorance of the law and the procedural requirements for filing a timely notice of appeal with the Michigan Supreme Court is insufficient to establish cause to excuse his procedural default in failing to file timely notice of appeal with that court. *See Bonilla v. Hurley,* 370 F. 3d 494, 498 (6th Cir. 2004). Moreover, a prisoner has no constitutional right to legal advice from another prisoner. *Shaw v. Murphy*, 532 U.S. 223, 230 (2001). Because Petitioner has no right to legal advice from another inmate, he is unable to use this unenforceable right as an impediment to his litigation in the state courts. *See Reaster v. Konteh*, No. 2008 WL 3306726, * 11 (N.D. Ohio August 7, 2008). "Petitioner is responsible for pursuing his own claims. He cannot use his fellow inmate's absence and/or inability to provide legal advice as an excuse for his failure to comply with the rules." *Id.*

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding these claims. *Smith*, 477 U.S. at 533.

Petitioner's primary contention is that his procedural default should be excused because of his actual innocence of the crimes that he was convicted of. In an extraordinary case, where a constitutional error has probably resulted in the conviction of

5

one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner first claims that he is actually innocent of this crime because of the allegedly improper on-scene identification procedure used by the police.

In rejecting Petitioner's identification claim, the Michigan Court of Appeals noted that the on-scene identification took place about fifteen minutes after the break-in, when the intruder's appearance was still fresh in the victim's mind. The police did not inform the victim that they had arrested a man whom they believed to be the intruder, but simply advised her that they wanted her to see if the intruder was in the area as they drove by. The victim immediately identified Petitioner as the person who broke into her home, not only by his complexion, but by his size, physique, and clothing. Moreover, defense counsel was able to cross-examine the victim at trial about her ability to identity Petitioner as the intruder. *Judon,* Slip. Op. at * 2. Finally, there was additional circumstantial evidence which established Petitioner as the intruder, including testimony that a man whom matched Petitioner's description was observed by one of Petitioner's

6

neighbors running through the field towards the area of Petitioner's townhouse at the time of the break-in, as well as the fact that a police K-9 dog tracked a scent trail from the victim's townhouse to an area between Petitioner's townhouse unit and the unit next door. Under the facts of this case, Petitioner has failed to establish that a miscarriage of justice has occurred, so as to excuse his default. *See e.g. Thompson v. Elo,* 919 F. Supp. 1077, 1085 (E.D.Mich. 1996)*; overruled on other grounds, Rogers v. Howe,* 144 F. 3d 990, 994, n. 5 (6th Cir. 1998)(Miscarriage of justice would not occur from district court's failure to review petitioner's claims on federal habeas review on basis of procedural default, in light of evidence that victim identified petitioner as her assailant at scene of his arrest and indicated that there was no mistake about identification).

Petitioner also claims that the evidence was legally insufficient to convict him of this crime. Petitioner's sufficiency of evidence claim , however, is insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's claims on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002).

Finally, assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is

7

conjunctive, requiring proof of both cause and prejudice. *Terry v. Bock,* 208 F. Supp. 2d 780, 793 (E.D. Mich. 2002). For the reasons stated by the Michigan Court of Appeals in their decision affirming Petitioner's conviction, *See Judon,* Slip. Op. at * 1-4, Petitioner has failed to show that his claims have any merit. Petitioner's claims are thus barred by procedural default and do not warrant relief.

The Court will also deny Petitioner's pending motions. Petitioner first requests an evidentiary hearing and has filed a related motion to expand the record. Because Petitioner's claims are procedurally defaulted and he has failed to establish cause or prejudice or a miscarriage of justice to excuse the default, he is not entitled to an evidentiary hearing on his claims. *See Erdman v. Tessmer,* 69 F. Supp.2d 955, 964 (E.D. Mich. 1999). In light of the fact that the habeas petition is being dismissed on the basis of procedural default, Petitioner's related request to expand the record must also be denied, because it would be futile to expand the record at this point. *See Reaster v. Konteh*, No. 2008 WL 3306726, * 13; *See also Brown v. Easter,* 68 F. 3d 1209, 1211 (9th Cir. 1995)(federal habeas court did not have to grant evidentiary hearing to expand record to include evidence presented in connection with petitioner's state postconviction proceedings, where petitioner had procedurally defaulted on state court claims for postconviction relief by failing to pursue claims to state's highest court, and where petitioner failed to demonstrate any "cause" for his procedural default).

The Court will also deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441,

8

444 (6th Cir. 2002). Because Petitioner's claims are clearly procedurally defaulted, he is not entitled to the appointment of counsel. *See Hoggard v. Purkett*, 29 F. 3d 469, 471-72 (8th Cir. 1994).

The Court will also deny Petitioner's motion to stay the proceedings so that he can return to the state court to properly exhaust these claims. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), the stay and abeyance of a federal habeas proceeding is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state courts. *Id.* at 277. In addition, a district court should not grant a habeas petitioner a stay and abeyance in a proceeding involving a mixed habeas petition when the petitioner's unexhausted claims are plainly meritless. *Id.* at 277.

For the reasons stated above, Petitioner has failed to establish good cause for failing to exhaust these claims properly in the state courts. Therefore, a stay of the current petition is not appropriate. *See Vasquez v. Parrott,* 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005). Moreover, because Petitioner's claims are plainly meritless, he is not entitled to a stay of the current petition. *Id.*

Petitioner has finally requested oral argument in this matter. A federal district court does not abuse its discretion in denying oral argument on a habeas petition where a brief has been filed and there is no claim that the habeas petitioner's contentions were not

9

fully set forth in the brief. *See United States ex. rel. Darrah v. Brierley,* 415 F. 2d 9, 12 (3rd Cir. 1969). Because Petitioner's brief and other pleadings extensively covers the issues before this Court, no oral argument appears necessary. *See United States ex. rel. Garrett v. Anderson,* 391 F. Supp. 174, 176 (D. Del. 1975).

### III. Conclusion

Accordingly, the Court will deny the current petition. The Court will also deny Petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). When a plain procedural bar is present and the

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id; See also Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

The Court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d at 751.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV. **ORDER**

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED that the motion for evidentiary hearing [Dkt. # 11], the motion to expand the record [Dkt. # 12], the motion for appointment of counsel [Dkt. # 13], the motion to stay proceedings [Dkt. # 14], and the motion for oral argument [Dkt. # 15] are **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: September 15, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Judon by electronic means or U.S. Mail on September 15, 2008.

s/Carol A. Pinegar
Deputy Clerk