# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL PAUL JUDON,

    Petitioner,

                        CASE NO. 2:07-CV-13912
v.                         HONORABLE VICTORIA A. ROBERTS
                        UNITED STATES DISTRICT JUDGE

JAN E. TROMBLEY,

    Respondent.

_____/

## **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On September 15, 2008, the Court issued an opinion and order denying Petitioner's application for habeas relief brought pursuant to 28 U.S.C. § 2254. The Court also denied Petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis. See Judon v. Trombley,* No. 2008 WL 4279371 (E.D. Mich. September 15, 2008). Petitioner has filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition

1

of the case must result from a correction thereof. *Id.*

The Court ruled that Petitioner's claims were procedurally defaulted because Petitioner failed to exhaust the claims by filing a timely application for review of his conviction with the Michigan Supreme Court. The Court further found that Petitioner had failed to show cause or prejudice to excuse his default. Lastly, the Court ruled that Petitioner had failed to present new reliable evidence of actual innocence that would permit the Court to review his defaulted claims.

In the motion for reconsideration, Petitioner contends that the procedural default should be excused, based on Petitioner's ignorance of the law, his limited education, and the fact that he had to rely on a fellow prisoner to assist him with filing his application for leave to appeal to the Michigan Supreme Court.

This Court considered, and rejected, the grounds offered by Petitioner to excuse the procedural default in the opinion and order denying habeas relief. The Court ruled that Petitioner's ignorance of the law and the procedural requirements for filing a timely application for leave to appeal with the Michigan Supreme Court is insufficient to establish cause to excuse his procedural default in failing to file timely notice of appeal. *Judon,* 2008 WL 4279371, Slip. Copy at * 2 (*citing to Bonilla v. Hurley,* 370 F. 3d 494, 498 (6th Cir. 2004)). This Court also ruled that because a prisoner has no constitutional right to legal advice from another prisoner, Petitioner could not "use this unenforceable right as an impediment to his litigation in the state courts." *Id.* (*citing to Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Reaster v. Konteh*, No. 2008 WL 3306726, * 11 (N.D. Ohio

August 7, 2008)).

Petitioner's motion for reconsideration is denied, because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied Petitioner's application for writ of habeas corpus and denied him a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

## **ORDER**

IT IS ORDERED that the Motion for Reconsideration [Court Dkt Entry # 19] **is** DENIED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 22, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Paul Judon by electronic means or U.S. Mail on December 22, 2008.

s/Linda Vertriest
Deputy Clerk